Mr. John W. McWhirter, Jr. Attorney for Hillsborough Community College 201 E. Kennedy Boulevard Post Office Box 3350 Tampa, Florida 33601-3350
Dear Mr. McWhirter:
This is in response to your request for an opinion on substantially the following question:
 MAY A COMMUNITY COLLEGE SELL SURPLUS REAL PROPERTY AT A NEGOTIATED PRICE LESS THAN MARKET VALUE WITHOUT RECEIVING BIDS IF THE SALE IS TO ANOTHER GOVERNMENTAL AGENCY WHICH PROPOSES TO RESELL THE PROPERTY AS PART OF A COMMUNITY REDEVELOPMENT PROJECT?
You state in your letter that the Hillsborough Community College owns some real property which lies within a portion of the City of Tampa known as Ybor City. Part of the property is occupied by college facilities, but other portions of the property are vacant with no specific plans for immediate future improvement. This property falls within an area in which the City of Tampa wishes to undertake a community redevelopment project. The City of Tampa would like to acquire the vacant property from the community college which in turn would be sold to private enterprise for construction and development pursuant to the community redevelopment plan. You question whether the community college is authorized to convey the property to the city in consideration that the college's `out-of-pocket costs' would be reimbursed upon sale of said property to private enterprise.
Generally, as you point out in your letter, s 235.04(1), F.S., establishes the criteria for the disposal of real property owned by a community college. Subsection (1) provides:
 Subject to rules of the state board, a board may dispose of any land or real property which is, by resolution of such board, determined to be unnecessary for educational purposes
as recommended in an educational plant survey. A board shall take diligent measures to dispose of educational property only in the best interests of the public. (e.s.)
`Board' is defined for purposes of this section to mean `a district school board, a community college board of trustees, or the Board of Trustees for the Florida School for the Deaf and the Blind.' Thus it is clear that the board of trustees of a community college in disposing of real property would be subject to the rules of the State Board of Education and would have to make, by resolution, a determination that the subject property is unnecessary for educational purposes as recommended in an educational plant survey and that the disposition of such property is in the best interests of the public. Also, `[c]ommunity college district boards of trustees are vested with the responsibility to operate their respective community colleges and with such necessary authority as may be needed for the proper operation thereof in accordance with rules of the state board.' Section 240.319(1), F.S. Implementing this grant of authority, the board of trustees of a community college is empowered by subsection (3)(h) of s 240.319, F.S., to `purchase, acquire, receive, hold, own, manage, lease, sell, dispose of, and convey title to realproperty, in the best interests of the college, pursuant to rules adopted by the state board.' (e.s.)
The State Board of Education has promulgated rules which govern the disposal of real property by a board of trustees of a community college. Rule 6A-2.28(1), F.A.C., provides that `[a] board may dispose of any educational land or real property owned by it which has been declared by resolution of the board to be unnecessary or unsuitable for educational purposes. The board may dispose of such property by one of the following methods[.]' Paragraph (a) allows a transfer to another governmental unit under the following conditions: `If the board in conjunction with another governmental agency determines that the land or real property can be effectively used by such governmental agency, such land or real property may be transferred by the board to such governmental agency for whatever consideration the board deems to be in the best interest of the public.'
As to whether a transfer of real property for use in a community redevelopment project serves a public purpose, s 163.335(3), F.S., among other things, provides that the powers conferred by the Community Redevelopment Act `are for public uses and purposes for which public money may be expended . . . .' Section 163.400(1)(a), F.S., provides that `[f]or the purpose of aiding in the planning, undertaking, or carrying out of a community redevelopment project and related activities authorized by this part, any public body (defined by s 163.340[2] to mean `any . . . district, or any other public body of the state') may, upon such terms, with or without consideration, as it may determine: Dedicate, sell, convey, or lease any part of its interest in any property or grant easements, licenses, or other rights or privileges therein to a county or municipality.' And s 163.400(1)(e) empowers any public body to enter into agreements with a municipality respecting action to be taken pursuant to any of the powers granted by Part III of Ch. 163, including the furnishing of funds or other assistance in connection with a community redevelopment project and related activities. Subsection (2) of s 163.400 goes on to authorize or permit `[a]ny sale, conveyance, lease, or agreement provided for in this section [to] be made by a public body without appraisal, public notice, advertisement, or public bidding.'
The conveyance of real property by a board of trustees of a community college pursuant to the authorization contained in these several statutes requires a determination by the board of trustees that the subject property is unnecessary or unsuitable for educational purposes and that such conveyance or transfer is in the best interests of the public. This is a determination that cannot be made by this office and must be made by the board of trustees and declared in a resolution of the board. See s 235.04(1), F.S.; Rule 6A-2.28, F.A.C.
It is therefore my conclusion that the board of trustees of a community college is authorized to sell and convey or transfer surplus real property owned by it at a negotiated price less than market value without receiving public bids therefor to a municipality for use in a community redevelopment project if the board makes a determination by resolution that the property in question is unnecessary or unsuitable for educational purposes and that such conveyance or transfer of such property is in the best interests of the public.
Sincerely,
Jim Smith, Attorney General
Prepared by: Craig Willis, Assistant Attorney General